| | |
|---|---|
| Norma E. Ortiz<br>Ortiz & Ortiz, L.L.P.<br>32-72 Steinway Street, Ste. 402<br>Astoria, New York 11103<br>Tel. (718) 522-1117<br>Email@OrtizandOrtiz.com<br>*Proposed Counsel to the Debtor and*<br>*Debtor in possession* | Settlement Date: Feb. 27, 2020<br>Time: 3:00 p.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re

EL SAN JUAN CITY ISLAND ON 5ᵀᴴ AVE., LLC.                Case No. 20-10103-jlg

                                                                                                       Chapter 11

                            Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF SETTLEMENT OF APPLICATION AND PROPOSED ORDER FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 327(a) AUTHORIZING THE EMPLOYMENT OF ORTIZ & ORTIZ, L.L.P. AS DEBTOR'S COUNSEL

      **PLEASE TAKE NOTICE** that the above-captioned Debtor El San Juan City Island on 5ᵗʰ Ave., LLC (the "Debtor") shall present the annexed proposed order for signature on **December 27, 2013, at 12:00 p.m.** The proposed order will be presented to the Honorable James L. Garrity, United States Bankruptcy Court, One Bowling Green, New York, New York 10004.

      **PLEASE TAKE FURTHER NOTICE** that no hearing will be held absent the timely filing of an objection. If an objection is timely filed, the Court will notify the moving and objecting parties of the date and time of any hearing. If you wish to object to the entry of the proposed order, you must state your objection in writing, state the reasons for your objection, file the original objection electronically or in paper form with the Clerk of the Bankruptcy Court, with a copy for Judge Garrity's Chambers, no later than **February 24, 2013, at 12:00 p.m.** The objection must be accompanied by Proof of Service.

Dated: February 6, 2020
Astoria, New York

                                                  *S/Norma E. Ortiz*
                                                  Norma E. Ortiz, Esq.
                                                  ORTIZ & ORTIZ, L.L.P.
                                                  32-72 Steinway Street, Ste. 402
                                                  Astoria, New York, 11103
                                                  Tel. (718) 522-1117
                                                  Fax (718) 596-1302
                                                  *Proposed Counsel to the Debtor*

ORTIZ & ORTIZ, L.L.P.
Norma E. Ortiz, Esq.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
*Proposed Counsel to the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re

EL SAN JUAN CITY ISLAND ON 5TH AVE., LLC.        Case No. 20-10103-jlg


                        Debtor.                                        Chapter 11
-------------------------------------------------------------X

**APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY
CODE SECTION 327(a) AUTHORIZING THE EMPLOYMENT OF
ORTIZ & ORTIZ, L.L.P. AS DEBTOR'S COUNSEL**

TO THE HONORABLE JAMES L. GARRITY
UNITED STATES BANKRUPTCY JUDGE;

       El San Juan City Island on 5th Ave., LLC (the "Debtor"), by its proposed attorneys Ortiz & Ortiz, L.L.P. ("O & O"), respectfully represents:

**BACKGROUND**

       1.     The Debtor filed a voluntary chapter 11 petition on January 16, 2020 (the "Petition Date").

       2.     The Debtor operates a restaurant located at 1429 5th Avenue in New York County. After the Debtor rented the space in late 2017, it was unable to begin operating for the first eight months after it rented the space because the equipment sold to the Debtor as operational did not work and Con Edison would not provide the Debtor with gas because of the condition of the plumbing in the kitchen. The Debtor accrued months of back rent while it was

unable to operate and generate income. Once the Debtor began operating, it satisfied some of its pre-petition rental arrears, but a a warrant of eviction was entered prior to the bankruptcy filing.

3.     The Debtor has retained a landlord tenant lawyer that has advised the Debtor that that there are grounds to reinstate the lease under New York law. The Debtor intends to seek the Court's approval to retain the lawyer to commence an action against the Landlord. If the Debtor is able to reinstate the lease, which expires in 2027, it believes it can reorganize its affairs.

4.     Because this is the Debtor's third bankruptcy filing, O & O did not request a retainer fee from the Debtor prior to the bankruptcy filing; the Debtor only paid O & O $1,717.00 for the filing fee. If the Debtor can reinstate it lease, O & O will apply to the Court for approval of the legal fees it incurs.

## JURISDICTION

5.     The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.     The statutory bases for the relief requested herein are Bankruptcy Code Sections 327 and 328, Federal Rules of Bankruptcy Procedure 2014 and 2016, and Local Bankruptcy Rule 2014-1.

## RELIEF REQUESTED

7.     Subject to the Court's approval, the Debtor has retained O & O as its bankruptcy counsel to prosecute its Chapter 11 case. Pursuant to 11 U.S.C. § 327(a), Fed. Rule Bankr. Proc. 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtor requests authority to retain as

2

attorneys for the Debtor *nunc pro tunc* to the Petition Date. O & O anticipates rendering the following services to the Debtor:

    (a)   perform all necessary services as Debtor's counsel that are related to the Debtor's reorganization and the bankruptcy estate;

    (b)   assist the Debtor in protecting and preserving the estate assets during the pendency of the chapter 11 case, including the prosecution and defense of actions and claims arising from or related to the estate and/or the Debtor's reorganization;

    (c)   prepare all documents and pleadings necessary to ensure the proper administration of its case; and

    (d)   perform all other bankruptcy-related necessary legal services.

8.    The Debtor believes that O & O is qualified to represent its interest and the interests of the estate. Norma E. Ortiz, the partner responsible for the case, has over thirty two years of Chapter 11 bankruptcy law experience in the public and private sectors. O & O is willing to act in this case and render the necessary professional services as attorneys for the Debtor.

9.    As set forth in the Declaration of Norma E. Ortiz annexed hereto as Exhibit A, O & O asserts that it does not hold or represent an interest adverse to the Debtor's estate in the matters upon which O & O is to be employed, and O & O is "disinterested" as the term is defined in the Bankruptcy Code Section 327.

10.    O & O shall apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules and orders of the Court. With the

Court's approval, the Debtor proposes to pay O & O its customary hourly rates as set forth in Norma E. Ortiz's Declaration and submits that such rates are reasonable.

11. No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests the entry of an order substantially in the form of the prefixed order granting the relief requested herein and such other and further relief as is just.

Dated: Astoria, New York
February 6, 2020

                                                     _/s/Norma E. Ortiz_
                                               Norma E. Ortiz, Esq.
                                               Ortiz & Ortiz, L.L.P.
                                               32-72Steinway Street, Ste. 402
                                               Astoria, New York  11103
                                               Tel. (718) 522-1117
                                               *Proposed Counsel to the Debtor*

**DECLARATION OF NORMA ORTIZ**

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York 11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-13020

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re

EL SAN JUAN CITY ISLAND ON 5^(TH) AVE., LLC.         Case No. 20-10103-jlg


                                  Debtor              Chapter 11
---------------------------------------------------------X

**DECLARATION AND DISCLOSURE STATEMENT OF NORMA E. ORTIZ, ESQ., IN SUPPORT OF APPLICATION FOR RETENTION OF ORTIZ & ORTIZ, L.L.P.**

Norma E. Ortiz, states as follows:

1. I am an attorney at law admitted to practice before this Court and a member of the firm Ortiz & Ortiz, L.L.P ("O & O"). I am the partner primarily responsible for the Debtor's case. I have been involved in numerous reorganization and consumer bankruptcy cases over the last 32 years and possess the requisite experience and qualifications to serve as Debtor's counsel.

2. My firm has agreed to bill the Debtor at an hourly rate of $450 an hour for partners and $375 an hour and below for associates and attorneys serving as of counsel to my firm. We bill our paralegals time at $75 an hour and below. Our partners bill non-bankruptcy clients between $350 and $450 an hour, depending on – among other things – the complexity of the matter. Photocopying charges shall be billed at five cents a page; only long distance calls and faxes shall be billed to the estate. Any costs incurred by third party vendors will be billed to the estate at O & O's cost. The Debtor has consented to our retention under these terms.

3. My firm has the following connections to the Debtor: The Debtor has four

shareholders. Its largest shareholder and president is Manuel Vidal Jr. Mr. Vidal is one of three shareholders in a New York corporation called 1018 Morris Park Ave. Realty Inc. The other two shareholders of 1018 Morris Park are not shareholders of the Debtor. 1018 Morris Park has a pending Chapter 11 case under Case No. 17-11524-shl. The 1018 Morris Park debtor's only asset is a mortgage payment it receives every month. The case was filed to ascertain the amount of tax debt due and to negotiate a payment plan for the debt. Virtually all of the professional services rendered to the Debtor at this time are rendered by the tax accountants and the Debtor's special tax counsel. My firm's remaining services will consist of filing a plan of reorganization when the tax debt is finally fixed. In addition, my firm's retainer agreement specifically states that my firm's loyalty lies with the Debtor and the bankruptcy estate and not any of the shareholders. Under these circumstances, I do not believe that my firm's representation of 1018 Morris Park renders it not qualified to represent the Debtor in this case.

4.   I utilized software to search our databases of present and former clients to conduct a conflicts check before agreeing to be retained by the Debtor. The firm has no economic or professional relationship with any of the Debtor's creditors other than in the ordinary course of its business, such as the firm may maintain a bank account with a bank that is a creditor of the Debtor. For these reasons, I believe O & O neither represents nor has any connection to any creditor or party in interest of the Debtor other than as disclosed above.

5.   I was previously employed by the U.S. Trustee's office, but have no present connection to the office other than in the ordinary course of my practice.

6.   O & O received a $1,717 from the Debtor prior to the bankruptcy filing for payment of the filing fee. O & O shall seek court approval of all fees paid to the firm pursuant to, among other things, 11 U.S.C. §§ 330, 331. Any post-petition payments of compensation will

be made pursuant to, among other things, the applicable Bankruptcy Code provisions and the Federal Rules of Bankruptcy Procedure. Moreover, my firm is fully aware that all fees received as compensation for services to the Debtor are subject to the Court's approval for, among other things, reasonableness – regardless of the source of funds paid to my firm.

7.    My firm has not agreed to share compensation with any other person or entity. O & O shall not seek an increase in its hourly rates without prior notice to the Debtor, the Court, and the Office of the U.S. Trustee.

I declare under the penalty of perjury that the foregoing is accurate and correct.

Dated: Astoria, New York
February 6, 2020

*S/Norma Ortiz*
Norma E. Ortiz
Ortiz & Ortiz L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York 11103

**PROPOSED ORDER**

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York 11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-1302

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OFNEW YORK
-----------------------------------------------------------X
In re

EL SAN JUAN CITY ISLAND ON 5TH AVE., LLC.        Case No. 20-10103-jlg

                                                            Chapter 11

                            Debtor
-----------------------------------------------------------X

**ORDER PURSUANT TO SECTION 327 (a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF ORTIZ & ORTIZ, L.L.P. AS <u>ATTORNEYS FOR THE DEBTOR</u>**

Upon the application (the "Application") of El San Juan City Island on 5th Ave. LLC (the "Debtor"), as debtor and debtor in possession, dated February 6, 2020, for entry of an order pursuant to 11 U.S.C. § 327(a) authorizing and approving the employment of Ortiz & Ortiz, L.L.P. ("O & O") as its attorneys; upon the Declaration of Norma E. Ortiz, Esq., a member of the firm of O & O; it appearing that the members of O & O are admitted to practice before this Court; the Court being satisfied that O & O represents no interest adverse to the Debtor and the estate as to the matters upon which it is to be engaged, is disinterested under 11 U.S.C. § 101(14), and that the employment of O & O is necessary and in the best interest of the Debtor and the estate; due notice of the Application having been given to the United States Trustee and all of the Debtor's creditors, and it appearing that no other or further notice need be given; sufficient cause appearing therefore, it is

ORDERED, that pursuant to 11 U.S.C. § 327(a) of the Bankruptcy Code, the Debtor is authorized to employ O & O as its attorneys under the terms and conditions set forth in the

Application effective as January 16, 2020; and it is further

ORDERED, that no compensation or reimbursement of expenses shall be paid to O & O for professional services rendered to the Debtor, except upon proper application and by further order of this Court, and any of O & O's fee applications will be subject to notice and hearing pursuant to Sections 330 and 331 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED, that prior to any increases in O & O rates for any individual retained by O & O and providing services in this case, O & O shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether O & O's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

Dated:            , 2020
New York, New York

                                                   _____
                                                 James L. Garrity
NO OBJECTION:                             U.S. Bankruptcy Judge

_____

Office of the United States Trustee